THE PEOPLE *ex rel.* Frank Hanna, Petitioner, *vs.* BOARD
     OF ELECTION COMMISSIONERS OF EAST ST. LOUIS, Re-
     spondents.

*Opinion filed June 16, 1910.*

1. COURTS—*term of office of judge of a city court is four years.*
The term of office of a judge of a city court is not fixed by the
constitution but is fixed by the City Court act at four years, and
such term is not changed by the amendment of·1907, giving cities
of certain population power to elect an additional judge and "fix
the time when such election shall be held."

2. ELECTIONS—*city has no power to fix term of first additional
city judge.* Under the amendment of the City Court act, in 1907,
a city council may exercise its discretion as to when an election
for an additional judge of the city court may be held, but it has
no power to provide that he shall hold office for less than four
years after his election, and a provision to that effect on the bal-
lots under which such judge is elected is void; but the election is
valid for the term fixed by law.

CARTWRIGHT and HAND, JJ., dissenting.

ORIGINAL petition for *mandamus.*

C. E. POPE, for petitioner.

B. H. CANBY, for respondents.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an original petition in this court by the People,
on the relation of Frank Hanna, for a peremptory writ of
*mandamus* to compel respondents, the Board of Election
Commissioners of the City of East St. Louis, to call and
hold an election in said city on the first Tuesday after the
first Monday in September, 1910, for the election of a
judge of the city court of said city of East St. Louis to
succeed Mortimer Millard, who was elected judge of said
court on Tuesday, June 30, 1908. The respondents have
entered their appearance and filed a general demurrer to
the petition.

The petition alleges that a city court was established in the city of East St. Louis in 1874, in pursuance of the statute then in force relating to the establishment of city courts, and that on Tuesday after the first Monday in September, 1874, a judge and clerk of said court were elected for a term of four years, and that an election has been held every four years since that time for the election of a judge and clerk of said court. W. J. N. Moyers was elected judge of said court on Tuesday after the first Monday in September, 1906, and is now serving the four years' term for which he was elected. By an amendment to the City Court act in 1907 it was provided "that in any city where a city court has been established with one judge, under this or any prior act, that now has, or may hereafter have, a population exceeding fifty-three thousand (53,000) inhabitants, as ascertained by a census taken by authority of the city council, the city council may by ordinance or resolution provide for the election of an additional judge of such city court, and fix the time when such election shall be held." The petition avers that after said amendment went into effect a census of the city of East St. Louis was taken by the authority of the city council, which showed said city had 56,166 inhabitants, and that on May 28, 1908, the city council, by resolution, provided for an additional judge of said city court, and fixed June 30, 1908, as the time for his election; that said resolution provided that the judge elected in pursuance thereof should hold office from the date of his qualification after his election until the first Tuesday after the first Monday in September, 1910, that being the time of the expiration of the term of office of the then judge of said city court, and thereafter said additional judge should be elected at the same time as the judge of said court then in office and hold his office for the term of four years. The petition further avers notice was duly given of the election for the additional judge and sets out a copy of the notice. The notice states that the election

will be held "for the purpose of electing an additional judge of the city court of East St. Louis, said judge so elected to hold his office until the first Tuesday after the first Monday in the month of September, A. D. 1910." A copy of the ballot voted at said election is set out in the petition. There were three tickets, the name of one candidate being printed on each ticket, and immediately above the name of each candidate was printed, "For Additional Judge of the City Court, term to expire September 6, 1910." The petition avers that Mortimer Millard was elected at said election and is now holding the office; that the term for which W. J. N. Moyers was elected will expire September 5, 1910, and that the board of election commissioners refuse to call an election for a judge of said city court to succeed said Mortimer Millard at the time the election will be held for a judge to succeed said W. J. N. Moyers, and base their refusal on the ground that the time for which Mortimer Millard was elected is fixed by the statute in relation to city courts at four years.

The issue of law raised by the petition, and the demurrer thereto, is whether the city council of the city of East St. Louis had the power, when it provided for the election of an additional judge of the city court, to fix the time at which the term of office of the judge so elected should expire.

Section 1 of article 6 of our State constitution confers power on the legislature to create courts in and for cities and incorporated towns. This power of the legislature was exercised by the passage of "An act in relation to courts of record in cities," approved May 26, 1874, in force July 1, 1874, and "An act in relation to courts of record in cities," approved May 10, 1901, in force July 1, 1901. Both of said acts provided for the election of but one judge of a city court established under their authority, and both acts provided that "the judges of such courts, respectively, shall be elected by the qualified voters of such city

in the same manner that the city officers of such city are elected, but not at the same time, and shall hold their offices for the term of four years, and until their successors are elected and qualified." Since the passage of the act of 1874 the city of East St. Louis has had a city court, with one judge. The first election for judge of said court was held on the Tuesday after the first Monday in September, 1874, and an election has been held every four years since that time, on the Tuesday after the first Monday in September, the election at which W. J. N. Moyers was elected occurring in September, 1906. By an amendment to the act of 1901, approved May 8, 1907, in force July 1, 1907, cities having a population of more than 53,000 inhabitants, where a city court had been established with one judge, were authorized to provide, by ordinance or resolution, "for the election of an additional judge of such city court, and fix the time when such election shall be held." Petitioner contends the power conferred upon the city council by the legislature to provide for the election of an additional judge and fix the time of his election, by necessary implication gave the council authority to fix the term of office for which the additional judge should hold the office by virtue of his first election, for otherwise the election of the judges at the same time could not be provided for.

It will be seen the constitution does not fix the term of office of judges of city courts. That power was left by the constitution to be exercised by the legislature, which was given authority to create them. When the act was passed creating city courts the term of office of judges of said courts was fixed by the legislature at four years, and that provision of the City Court act has remained in force ever since. If the power to fix the term of office of judges of said courts was one that could be delegated by the legislature,—and we think it clearly could not be,—then it has never attempted to delegate it to the city council. The only authority conferred on the city council by the amend-

ment of 1907 was to provide for the election of an additional judge and fix the time when he should be elected. There is nothing in the amendment to indicate any intention on the part of the legislature to give the city council authority to fix the term of office, and effect could not be given to such an intention even if it appeared. The council was not obliged to provide for or fix the election of the additional judge at any particular time. It had the right to exercise a discretion as to the time he should be elected, and might, if it desired both judges of said court be elected at the same time, have held no election for the additional judge until the time for the election of a successor to the judge of the city court then in office.

The question here involved is similar, in principle, to one of the questions decided in *People* v. *Knopf,* 198 Ill. 340. In that case the court considered the validity of the provisions of an act adopted by the legislature in 1901, providing for the election in November, 1902, of three additional judges of the circuit court of Cook county and three additional judges of the superior court of said county. The act provided that the term of office of the three additional judges of the circuit court elected at said election should expire the first Monday in June, 1903, and the term of office of the three additional judges of the superior court should expire on Tuesday after the first Monday in November, 1904. It was held that the constitution having fixed the length of the terms of judges of both the circuit and superior courts of Cook county, the legislature had no authority to fix the term for a different length of time; that the constitution fixed the time for the election of judges of the circuit court and that the legislature could not change that time; that the time for the election of the judges of the superior court not being fixed by the constitution, additional judges of said court might be elected at any time fixed by the legislature, but the legislature could not interfere with the term of office fixed by the consti-

tution.  In that case the legislature attempted to provide terms of office for additional judges of the circuit and superior courts of Cook county different from the terms of office fixed by the constitution.  In this case the city council attempted to provide for a term of office for an additional judge of the city court different from that fixed by the legislature in the exercise of its constitutional authority. The principle in the two cases is analogous.

We are of opinion that the city council of East St. Louis had no power to fix the term of office for which the additional judge should be elected; that the term was fixed by the statute at four years, and the additional judge, when elected, was elected for that term.  The recital, therefore, in the resolution of the council, in the election notice and on the ballots voted at the election, that the term of office would expire on the first Tuesday after the first Monday in September, 1910, was void and of no effect whatever. (*Koster* v. *Coyne,* 77 N. E. Rep. 983; *City of Lafayette* v. *State,* 69 Ind. 218.)  It follows the board of election commissioners are justified in refusing to call an election for Tuesday after the first Monday in September, 1910, for the purpose of electing a successor to said Mortimer Millard.

The demurrer will be sustained, the petition dismissed and the writ denied.                        *Writ denied.*

CARTWRIGHT and HAND, JJ., dissenting:

The only authority for the election of a judge was the resolution that a judge should be elected for a term expiring in 1910.  The notice and ballots were for a term ending at the time fixed by the resolution, and a judge was elected for that term and commissioned accordingly.  We do not agree with the conclusion that he acquired a legal title to the office for a term for which he was not elected and that he can hold office for two years beyond the term fixed by the resolution, notice and ballots.